HON. PIERPOINT ISHAM,
HON. MILO L. BENNETT, } ASSISTANT JUDGES.

---

PEYTON R. CHANDLER, *v.* WILLIAM HENRY.

[IN CHANCERY.]

*Sale of railroad stock upon execution against the railroad company.*

The sale of railroad stock, upon an execution against the railroad company, does not, under the 9th section of chap. 83 Comp. Stat. page 476, and No. 22 of Laws of 1852, page 18, exempt it from subsequent attachment and execution in other suits against the corporation, nor from the levy of an *alias*

Chandler *v*. Henry.

execution, issued for the unsatisfied balance of the judgment upon which the stock has already been sold; neither is there any distinction in this respect between debts against the corporation, which accrued before and those which accrued after the first sale of the stock upon execution.

APPEAL from the Court of Chancery. The bill set forth that the defendant had obtained a judgment against the Rutland and Burlington Railroad Company, and that he had taken out execution thereon and levied it upon the capital stock of the company, and caused the same to be sold, and that the orator purchased at the sheriff's sale twenty-four thousand three hundred shares, and paid the money to the sheriff, who had duly returned the execution partially satisfied; that the defendant took from the office of the clerk of the county, where this judgment was rendered, a certified copy of the execution and officer's return, showing the sale of the stock to the orator, who within twelve days after the sale, caused said copy to be left with the clerk of the railroad company; that in about two months after the sale, the defendant took out an alias execution for the unsatisfied balance of his judgment, after deducting the proceeds of the sale of the stock to the orator, and put it into the same officer's hands, with directions to attach the capital stock of the company and sell the same in satisfaction of the execution, and the officer did attach all the stock belonging to the plaintiff which he purchased at the sheriff's sale, and levied the alias execution upon it and had advertised it for sale.

The orator averred that he was the legal owner of said stock by purchase as aforesaid, and that after his purchase the stock was no longer subject to attachment and sale upon the defendant's alias execution, and prayed that the defendant might be perpetually enjoined from selling or in any way intermedling with the stock in question.

The bill, upon demurrer by the defendant, was dismissed by the chancellor, and the orator appealed.

*Daniel Kellogg*, for the defendant,

Insisted that the orator, if any wrong was done him, had a complete remedy at law, and also that there were no merits in the bill, and cited comp. stat. 475, sec. 4; 476, sections 8, 9.

*H. E. Stoughton*, for the orator.

The statute (comp. stat. page 476, sec. 9) under which the defendant claims to sell the stock, was enacted to secure the value of the stock to the creditors of the corporation, to compel stockholders to become personally liable to the amount of their stock, but when the stock is once sold it is not subject to attachment again for the unpaid balance of the creditor's debt.

When the stock has once changed hands by sale upon an execution against the corporation it can not again be sold, unless upon debts created after the purchaser became a stockholder. The property of the corporation would still be liable for old debts in the hands of the new stockholders, but the stock acquired by virtue of a sale on execution against the corporation, could be subjected to a second sale only in satisfaction of such corporation debts as the new stockholders, in their coporate capacity, allowed to be contracted.

The opinion of the court was delivered by

BENNETT, J. We think the orator has no merits in his bill. Railroad corporations are declared by the statute to be private corporations, and the 9th section of the act relative to private corporations, comp. stat. 476, declares that the capital stock of any private corporation, whether owned by such corporation or individuals, shall be liable to and held by attachment, and may be taken and sold on execution against such corporation. Besides, the act of 1852, number 22, page 18, expressly declares that the capital stock of any railroad corporation shall be liable to attachment and sale on execution against any such corporation, and that the shares of the corporators may also be attached and sold, the statute in such case giving them a remedy against the corporation.

The balance remaining due on the defendant's execution, after the sale of the stock to the plaintiff, was a debt against the corporation as much as it was before, and we do not see how the plaintiff's stock after the sale to him can be exempt from execution for such balance. The capital stock, when subscribed for, becomes the assets of the corporation and is made liable for its debts, whether the shares in the capital stock are held by the corporation or by individuals, and as to creditors, it makes no difference who holds it. For the payment of their debts the whole capital stock

is liable, and if the stock of an individual corporator is taken and sold it is a matter between him and the corporation.

It is claimed, by the orator's counsel, that when the stock has once been sold on execution and has changed owners, it can not be again sold, unless for debts created after the sale. But to give such an effect to the 9th section of the statute, would be to make a statute and not to construe one. That section of the statute seems to subject the whole capital stock of the corporation by whomsoever owned, to attachment and execution without any limitation as to the time when the debt may have been contracted by the corporation or in reference to the time when the stock may have changed hands, and in this respect it can make no difference. The whole capital stock of the corporation is at all times holden at law for the debts of the corporation, whenever contracted, and we are not aware of any chancery principles that would apply a different rule in behalf of the present orator. The decree of the chancellor, sustaining the demurrer to this bill, is therefore affirmed with costs, and the case is remanded to the chancellor, etc.